IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VANGUARD PRODUCTS GROUP, a　　　　　　　　　07-CV-1405-BR
Florida corporation, and
TELEFONIX, INC., an Illinois
corporation,　　　　　　　　　　　　　　　　ORDER

　　　　Plaintiffs,

v.

MERCHANDISING TECHNOLOGIES,
INC., an Oregon corporation,

　　　　Defendant.


**ROBERT A. SHLACHTER**
**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street
Suite 500
Portland, OR 97204
(503) 227-1600

**ALAN T. MCCOLLOM**
**HILLARY A. BROOKS**
Marger Johnson & McCollom, PC
210 S.E. Morrison Street
Suite 400
Portland, OR 97204-3189
(503) 222-3613

1 - ORDER

**DAVID JOSEPH MARR**
Trexler, Bushnell, Giangiori & Blackstone, Ltd.
105 West Adams Street, 36th Floor
Chicago, IL 60603
(312) 704-1890

      Attorneys for Plaintiff

**BRUCE A. KASER**
Vantage Law PLLC
355 N.W. Gilman Boulevard, Suite 203
Issaquah, WA  98027
(425) 391-8741

**JAMES L. PHILLIPS**
**KIERAN J. CURLEY**
Miller Nash LLP
601 Union Street, Suite 4400
One Union Square
Seattle, WA 98101
(206) 622-8484

**NANCIE K. POTTER**
**PAUL B. GEORGE**
Foster Pepper LLP
601 S.W. Second Avenue
Suite 1800
Portland, OR 97204-3171
(503) 221-0607

**LARA V. HIRSHFELD**
**ROBERT EDWARD BROWNE**
**THOMAS C. MCDONOUGH**
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-5385

      Attorneys for Defendants


**BROWN, Judge.**

    On October 5, 2004, the Patent Trade Office (PTO) issued Patent No. 6,799,994 ('994 Patent) to Plaintiff Telefonix, Inc.

2 - ORDER

Plaintiff Vanguard Products Group is the exclusive distributor of Telefonix products that incorporate the '994 Patent technology. Vanguard and Telefonix brought an action against Defendant Merchandising Technologies, Inc. (MTI) in this Court alleging MTI was infringing the '994 Patent and seeking an order enjoining MTI from infringing the '994 Patent.  On February 28-29, 2008, the Court held a *Markman* hearing as to the disputed claims of the '994 Patent and, for the reasons stated on the record, construed the disputed Claims One, Seven, Eight, and Ten as follows:

### Claim One

Defendant sought construction of five phrases within Claim One.  Plaintiffs asserted construction was required on only two of the phrases.  The Court agreed the following disputed phrases of Claim One do not require construction because their plain and ordinary meanings are sufficient and understandable in the context of the '994 Patent:

1. a first cable assembly having a length, a modular connector, and a plurality of electrical conductors;
2. a reel that retractably stores at least a portion of the length of the first cable assembly; and
3. a mounting member adapted to receive an end of the first cable assembly and at least one of the plurality of electronic devices.

As to the next disputed phrase of Claim One, "wherein the

3 - ORDER

second cable assembly is adapted to electrically couple the at least one of the plurality of electronic devices to the end of the first cable assembly," the Court declines to adopt Defendants' requested construction and to limit the means of electrical coupling to a direct wire-to-wire connection or equal voltage.  The Court also declines to offer any other construction at this stage because the record does not reflect a basis to limit the universe of ways "to electrically couple" as understood by persons of ordinary skill in the art.

As to the final disputed phrase of Claim One, "and wherein the first cable assembly is configured to be electrically coupled to each of the plurality of cable assemblies via the modular connector," the Court declines to adopt Defendants' requested construction and concludes the record does not reflect any basis to compel the modular connector "to be at the end of the first cable assembly" or the connector to be a "small connector."

### Claim Seven

The Court concludes this claim does not require construction because its plain and ordinary meaning is sufficient and understandable in the context of the '994 Patent.

### Claim Eight

Defendant sought construction of four phrases within Claim Eight.  Plaintiffs asserted only two of the phrases required construction.  The Court concludes none of the phrases for which

4 - ORDER

the parties sought construction require construction beyond the Court's previous rulings that the '994 Patent language does not require the "modular connector" to be at the end of the first cable assembly or to be a "small connector" nor does it require the means of electrical coupling to be a direct wire-to-wire connection or to be of equal voltage.

### Claim Ten

The Court concludes this claim does not require construction beyond the Court's previous rulings that the '994 Patent language does not require the "modular connector" to be at the end of the first cable assembly or to be a "small connector" nor does it require the means of electrical coupling to be a direct wire-to-wire connection or to be of equal voltage.

IT IS SO ORDERED.

DATED this 24th day of March, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - ORDER