IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VANGUARD PRODUCTS GROUP, a                    07-CV-1405-BR
Florida corporation, and
TELEFONIX, INC., an Illinois
corporation,                                  OPINION AND ORDER

      Plaintiffs,

v.

MERCHANDISING TECHNOLOGIES,
INC., an Oregon corporation,

      Defendant.


**ROBERT A. SHLACHTER**
**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street
Suite 500
Portland, OR 97204
(503) 227-1600

**ALAN T. McCOLLOM**
**HILLARY A. BROOKS**
Marger Johnson & McCollom, PC
210 S.E. Morrison Street
Suite 400
Portland, OR 97204-3189
(503) 222-3613


1 - OPINION AND ORDER

**DAVID JOSEPH MARR**
Trexler, Bushnell, Giangiori & Blackstone, Ltd.
105 West Adams Street, 36th Floor
Chicago, IL 60603
(312) 704-1890

          Attorneys for Plaintiff

**BRUCE A. KASER**
Vantage Law PLLC
355 N.W. Gilman Boulevard, Suite 203
Issaquah, WA  98027
(425) 391-8741

**JAMES L. PHILLIPS**
**KIERAN J. CURLEY**
Miller Nash LLP
601 Union Street, Suite 4400
One Union Square
Seattle, WA 98101
(206) 622-8484

**NANCIE K. POTTER**
**PAUL B. GEORGE**
Foster Pepper LLP
601 S.W. Second Avenue
Suite 1800
Portland, OR 97204-3171
(503) 221-0607

**LARA V. HIRSHFELD**
**ROBERT EDWARD BROWNE**
**THOMAS C. MCDONOUGH**
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-5385

          Attorneys for Defendants

**BROWN, Judge.**

     This matter comes before the Court on Plaintiffs' Motion to

Dismiss (#75) MTI's Counterclaim for unfair competition pursuant

2 - OPINION AND ORDER

to § 1125 of the Lanham Act.  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.


### BACKGROUND

Defendant Merchandising Technologies, Inc. (MTI) builds interactive retail displays for hand-held consumer electronic devices.  MTI's display units include freestanding bases with retractable electric cables (retractors) extending from the bases that supply power and antitheft security to electronic products fastened to the ends of the retractors.  MTI refers to the base and the retractor together as the "unibase system."

Plaintiff Telefonix, Inc., manufactures retractors.  In 1998 Telefonix sought a patent for one design of a unibase system.  In early 2000, MTI developed and began to sell a unibase system with a "swapability" feature that uses an electronics board housed within a separate component (the puck).  The puck allows the retailer to change products attached to the retractor.  MTI began purchasing retractors for its unibase system from Telefonix in 2000.  Shortly thereafter, Telefonix informed MTI that Plaintiff Vanguard Products Group would be the exclusive distributor for Telefonix products and that MTI would have to buy the Telefonix retractors from Vanguard.

On May 14, 2002, the Patent Trade Office (PTO) issued Patent No. 6,386,906 ('906 Patent) to Telefonix based on the original

design.  On that same day, Telefonix "continued" the '906 Patent
application and amended the wording by relabeling the connector
as a "modular connector."  On October 5, 2004, the PTO issued
Patent No. 6,799,994 ('994 Patent) to Telefonix with the amended
wording.

On August 1, 2005, MTI filed an action in this Court,
05-CV-1195-BR (*Vanguard I*), in which it alleged Vanguard and
Telefonix violated the Sherman Act, 15 U.S.C. §§ 1 and 2, and
sought a declaration that MTI was not infringing the '994 Patent
and that the '994 Patent is invalid.  Ultimately, MTI filed a
Second Amended Complaint in *Vanguard I* in which MTI alleged
claims against Vanguard and Telefonix for monopolization through
fraud in procuring the '994 Patent in violation of § 2 of the
Sherman Act, for tying in violation of § 2 of the Sherman Act,
and for damages and injunctive relief pursuant to § 26 of the
Sherman Act.  In the alternative, MTI sought a declaration that
it is not infringing the '994 Patent and that the '994 Patent is
invalid and unenforceable.  MTI also brought claims against
Vanguard and Telefonix for false marking related to the '906
Patent in violation of 35 U.S.C. § 292; prosecution laches with
respect to the '994 Patent; unfair competition in violation of
the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and violation of
Oregon Revised Statutes § 646.608.

On February 10, 2006, Vanguard and Telefonix filed a Motion

4 - OPINION AND ORDER

to Dismiss MTI's Second Amended Complaint on the grounds that
(1) the Court lacked subject-matter jurisdiction over MTI's
declaratory-judgment patent claims because there was not an
actual controversy; (2) MTI failed to state a claim for
violations of the Sherman Act; (3) MTI failed to state a claim
for violations of the Lanham Act; and (4) Oregon Revised Statute
§ 646.608 is not applicable to this matter and, in any event, is
preempted by federal patent law.  Vanguard and Telefonix moved in
the alternative to transfer this matter to the United States
District Court for the Northern District of Illinois on the
ground that Vanguard and Telefonix were litigating the '994
Patent in that forum and that many of the issues in *Vanguard I*
were also at issue in the Northern District of Illinois case.

On December 1, 2006, the parties filed a Joint Submission in
*Vanguard I* in which (1) Vanguard and Telefonix withdrew their
Motion to Dismiss with respect to MTI's false-marking claim and
their alternative request to transfer this matter to the Northern
District of Illinois and (2) MTI voluntarily dismissed its claims
for tying in violation of § 2 of the Sherman Act, unfair
competition in violation of the Lanham Act, and violation of
Oregon Revised Statute § 646.608.

On February 7, 2007, the Court issued an Opinion and Order
in *Vanguard I* in which it concluded it lacked subject-matter
jurisdiction over MTI's declaratory-judgment patent claims

because MTI failed to show it had a reasonable apprehension at the time it filed the action that Vanguard and/or Telefonix would imminently file a patent-infringement action against MTI. The Court also concluded because MTI did not establish subject-matter jurisdiction over MTI's declaratory-judgment patent claims, MTI had not satisfied the first element required to state a claim for monopolization in violation of § 2 of the Sherman Act. Accordingly, the Court granted Vanguard and Telefonix's Motion to Dismiss MTI's declaratory-judgment patent claims and claim for monopolization in violation of the Sherman Act. The Court's dismissal of those claims in conjunction with MTI's voluntary dismissal of certain claims left only MTI's claim for false marking for further proceedings in *Vanguard I*.

On February 23, 2007, MTI filed a Third Amended Complaint in *Vanguard I* in which it alleged only one claim: false marking related to the '906 Patent in violation of the Patent Act, 35 U.S.C. § 292.

On September 21, 2007, the United States District Court for the Northern District of Illinois transferred its case involving these parties to this Court. *See* 07-CV-1405-BR (*Vanguard II*). In their Complaint in *Vanguard II*, Vanguard and Telefonix allege MTI is infringing the '994 Patent and seek an order enjoining MTI from "making, using, offering to sell or selling a product that infringes the '994 Patent."

6 - OPINION AND ORDER

On October 29, 2007, MTI filed an Answer in *Vanguard II* in which it asserted three Counterclaims:  (1) false marking related to the '906 Patent in violation of the Patent Act; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), with respect to the '994 Patent; and (3) violation of Oregon Revised Statute § 646.608.

On November 16, 2007, MTI filed a First Amended Answer in *Vanguard II* in which it withdrew its Counterclaim for violation of Oregon Revised Statute § 646.608.

On November 16, 2007, the Court entered the parties' Stipulated Order of Dismissal Without Prejudice dismissing *Vanguard I* without prejudice, costs, or fees to any party.

On November 28, 2007, Vanguard and Telefonix filed a Motion to Dismiss MTI's Counterclaim for unfair competition in *Vanguard II* pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) MTI conceded its Lanham Act Counterclaim in *Vanguard I*; (2) the Lanham Act Counterclaim does not satisfy the requirements of Federal Rule of Civil Procedure 9(b); and (3) even if MTI's Counterclaim satisfied the requirements of Rule 9(b), it does not state a claim.

On February 6, 2008, the Court heard oral argument on the Motion to Dismiss and overruled the objection of Vanguard and Telefonix that MTI had waived its Lanham Act Counterclaim.  At oral argument, MTI confirmed the sole basis for its Lanham Act

Counterclaim was an October 2006 letter from Vanguard to Wal-Mart Stores, Inc.  The Court, therefore, informed the parties it would issue an Opinion and Order addressing only the merits of the Motion to Dismiss the Lanham Act Counterclaim and would use "the letter of October 2006 as the only currently available evidence to support the assertion of the false statements in the marketplace."

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a plausible entitlement to relief.  *Bell Atlantic v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 164-65 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65.  On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court accepts as true the allegations in the complaint and construes them in the plaintiff's favor.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*,

8 - OPINION AND ORDER

499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The Court . . .,
however, . . . may consider documents that are referred to in the
complaint whose authenticity no party questions."  *Shwarz v.
United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations
omitted).

> A court may consider material which is properly
> submitted as part of the complaint on a motion
> to dismiss without converting the motion to
> dismiss into a motion for summary judgment. . . .
> If the documents are not physically attached to
> the complaint, they may be considered if the
> documents' authenticity . . . is not contested
> and the plaintiff's complaint necessarily relies
> on them.

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.
2001)(quotations omitted).


## DISCUSSION

**I.    The pleading requirements of Federal Rule of Civil Procedure 9(b) apply to MTI's Lanham Act Counterclaim.**

Federal Rule of Civil Procedure 8(a) requires any pleading
that states a claim for relief to contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  Federal Rule of Civil Procedure 9(b), however, provides
"[i]n all averments of fraud or mistake, the circumstances
constituting fraud or mistake shall be stated with particularity.
Malice, intent, knowledge, and other condition of mind of a
person may be averred generally."  Vanguard and Telefonix contend

the Court should apply the pleading standards of Rule 9(b) when evaluating the sufficiency of MTI's Lanham Act Counterclaim because it is "grounded in fraud."  MTI contends it need only meet the pleading standard of Federal Rule of Civil Procedure 8(a).

In its Lanham Act Counterclaim, MTI alleges Vanguard "was communicating a false statement to MTI customers, or potential customers, that indicated MTI's products were infringing Vanguard's '994 Patent and that MTI would not manufacture noninfringing products that designed around the '994 Patent." MTI further alleges Vanguard's statement was "false and misleading," it was "likely to deceive its intended audience," and Vanguard made the statement in bad faith.

In *CollegeNet, Inc. v. XAP Corp.*, this Court applied the standards of Rule 9(b) to the plaintiff's claim under the Lanham Act because the "allegations are such that plaintiff is alleging a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim," and, therefore, the "claim is 'grounded in fraud.'"  No. CV-03-1229-HU, 2004 WL 2303506, at *10 (Oct. 12, 2004). Although some courts have not applied Rule 9(b) pleading standards to Lanham Act claims, the courts acknowledged in those cases that the circumstances presented were different than those in *CollegeNet*.  For example, in *PlastWood SRL v. Rose Art*

*Industries, Inc*., the court noted:

> As an initial matter, the court finds that the
> heightened pleading requirements of Federal Rule
> of Civil Procedure 9(b) do not apply to this
> claim.  The cases applying Rule 9(b) to Lanham Act
> claims, on which [the plaintiff's] relies, have
> done so where the complaint specifically alleged
> fraud or alleged facts that necessarily
> constituted fraud.  *See, e.g., Collegenet, Inc. v.*
> *XAP Corp*., No. CV-03-1229-HU, 2004 WL 2303506, *4
> (D. Or. Oct. 12, 2004)(applying Rule 9(b) to a
> Lanham Act claim where the plaintiff alleged
> "knowing" and "intentional" conduct); *Pestube*
> *Sys., Inc. v. HomeTeam Pest Def*., LLC, No.
> Civ.-05-2832-PHX-MHM, 2006 U.S. Dist. LEXIS 34337,
> at *14-15 (D. Ariz. May 24, 2006)(applying Rule
> 9(b) to plaintiff's Lanham Act claim that was
> "grounded" or "sounding" in fraud when the
> complaint alleged "knowing" misrepresentations);
> *Volunteer Firemen's Ins. Servs., Inc. v. McNeil &*
> *Co., Inc*., 221 F.R.D. 388, 393 (W.D.N.Y.
> 2004)(applying Rule 9(b) to a false advertising
> counterclaim in which the defendant alleged that
> "the plaintiff 'brazenly, willfully and wantonly'
> misrepresented the nature of the parties' products
> in order to defraud potential customers").  Here,
> [the plaintiff's] Complaint falls short of
> alleging fraud or facts necessarily constituting
> fraud because it never averred that [the
> defendant] engaged in any knowing or intentional
> conduct.

No. C07-0458JLR, 2007 WL 3129589, at *7  (W.D. Wash. Oct. 23,

2007).

     In its Lanham Act Counterclaim, MTI also alleges Vanguard

made a false and misleading statement "in bad faith knowing that

Vanguard was overstating the scope of Vanguard's patent rights."

The Court, therefore, concludes here, as in *CollegeNet*, the

allegations underlying MTI's Lanham Act Counterclaim are grounded

in fraud, and, therefore, MTI must meet the pleading requirements

11 - OPINION AND ORDER

of Rule 9(b) in that Counterclaim.

**II.  MTI has not satisfied the pleading requirements of Federal Rules of Civil Procedure 9(b) or 8(a) in its Lanham Act Counterclaim.**

As noted, MTI brings its Counterclaim pursuant to

§ 1125(a)(1)(B) of the Lanham Act, which provides in pertinent

part:

> (1) Any person who, on or in connection with any
> goods . . ., uses in commerce any word, term,
> name, symbol, or device, or any combination
> thereof, or any false designation of origin, false
> or misleading description of fact, or false or
> misleading representation of fact, which–
>
>                          * * *
>
> (B)  in commercial advertising or promotion,
> misrepresents the nature, characteristics,
> qualities, or geographic origin of his or her or
> another person's goods, services, or commercial
> activities,
>
>    shall be liable in a civil action by any
> person who believes that he or she is or is likely
> to be damaged by such act.

Claims made under this section of the Lanham Act are generally

known as "false advertising" or "trade libel" claims. *Zenith

Elec. Corp. v. Exzec Touchsystems, Inc.*, 182 F.3d 1340, 1347-48

(Fed. Cir. 1999).  In the context of a counterclaim, a defendant

> must allege and ultimately prove:  (1) that the
> [plaintiff] made a false or misleading statement
> of fact in commercial advertising or promotion
> about the [defendant's] goods or services; (2)
> that the statement actually deceives or is
> likely to deceive a substantial segment of the
> intended audience; (3) that the deception is
> material in that it is likely to influence
> purchasing decisions; (4) that the [plaintiff]

caused the statement to enter interstate commerce;
and (5) that the statement results in actual or
probable injury to the [defendant].

*Id*. at 1348.

In *Zenith*, the Federal Circuit noted two kinds of statements
made to actual or potential customers of an opposing party that
are "reached by" § 1125(a)(1)(B) of the Lanham Act if they are
made in bad faith: (1) statements that one party's product
infringes the other party's product and (2) that the party
alleged to be infringing "could not . . . design around the
patents" (in other words, make a noninfringing product). *Id*. at
1354. The *Zenith* court noted "[e]xactly what constitutes bad
faith remains to be determined on a case by case basis." *Id*.
The court also noted:

> Obviously, if the patentee knows that the patent
> is invalid, unenforceable, or not infringed, yet
> represents to the marketplace that a competitor is
> infringing the patent, a clear case of bad faith
> representations is made out. Furthermore,
> statements to the effect that a competitor is
> incapable of designing around the patent are
> inherently suspect. They are suspect not only
> because with sufficient effort it is likely that
> most patents can be designed around, but also
> because such a statement appears nearly impossible
> to confirm a priori. For these reasons, the bad
> faith element may be much easier to satisfy for
> statements of this type.

*Id*.

The Federal Circuit has made clear, however, that a patentee
is not engaging in unfair competition in violation of the Lanham
Act when it makes representations that ultimately prove to be

13 - OPINION AND ORDER

inaccurate if those representations are made in good faith.

*Golan v. Pingel Enter.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002).

At oral argument, MTI agreed its Lanham Act Counterclaim was
based solely on an October 2006 letter from Craig Blevins of
Vanguard to Wal-Mart's Vice Chairman in which Blevins noted:

> Two years ago [Vanguard] was your provider for
> service on Digital Cameras, during that time
> there was an internal decision from Wal-Mart to
> transition to one of our competitors; this was
> solely due to price and not any level of our
> service.  In fact our customer service department
> still receives weekly calls telling us how much
> they would like to have our product back in their
> stores.  You may or may not be aware that we are
> currently in a lawsuit defending our "Intellectual
> Property" against four of our competitors, one of
> which you are currently partnered with and a
> second that you are in negotiations with.  The
> lawsuit is proceeding and could be resolved as
> early as of May 2007.  At this point if our patent
> is upheld we are not planning on licensing our
> technology.
>
> Our goal is to be proactive in offering Wal-Mart a
> better solution that is supported by patented
> technology.  If the lawsuit is resolved in
> Vanguard's favor, your current system may become
> obsolete and you may not be unable [*sic*] to secure
> support from our competitors.

Kaser Decl., Ex. A.  At oral argument, the parties agreed the
competitor referred to in the letter as participating in
negotiations with Wal-Mart was MTI.

MTI contends if the Court assumes the allegations in
Vanguard's letter are true and views all inferences in favor of
MTI as the nonmoving party, the Court must conclude this letter
suggests MTI's product infringes Vanguard's Patent; that MTI

14 - OPINION AND ORDER

cannot design around the Patent; and, therefore, that MTI's
Lanham Act Counterclaim is sufficient to state a claim pursuant
to *Zenith*.

In the October 2006 letter, Vanguard makes the following
assertions of fact relating to its Patent and to the parties to
this action:  (1) it is defending its Patent against four of its
competitors; (2) Wal-Mart is currently in negotiations with MTI;
(3) Vanguard does not plan to license its technology if it wins
the infringement action; and (4) Wal-Mart might not be able to
secure support for its current system from Vanguard's competitors
if Vanguard wins the infringement action.  MTI contends these
statements contain an implied threat to Wal-Mart that MTI is "not
going to be around, and [it is] not going to be able to service
[Wal-Mart] . . . .  [Wal-Mart is] going to have an obsolete
instrument with no way to back it up and no way to get repairs or
supplies because [MTI is] not going to be able to design around
this problem."

As noted, the gravamen of a claim for unfair competition
under § 1125(a)(1)(B) of the Lanham Act is a "false or misleading
representation of fact," and *Zenith* requires the representations
to be made in bad faith.  In *Mikohn Gaming Corp. v. Acres Gaming,
Inc.*, the court held

> a competitive commercial purpose is not of itself
> improper, and bad faith is not supported when the
> information is objectively accurate.  In general,
> a threshold showing of incorrectness or falsity,

> or disregard for either, is required in order to
> find bad faith in the communication of information
> about the existence or pendency of patent rights.
> Indeed, a patentee, acting in good faith on its
> belief as to the nature and scope of its rights,
> is fully permitted to press those rights even
> though he may misconceive what those rights are.

165 F.3d 891, 897 (Fed. Cir. 1998).  Here the letter does not

contain false or misleading statements and MTI does not establish

Vanguard made the statements in bad faith.  In particular, MTI

does not explain how the statement that Vanguard does not intend

to license its technology if it prevails in its infringement

action is in any way an inaccurate statement of fact.  Similarly,

MTI does not explain how Vanguard's statement that Wal-Mart might

not be able to secure support from Vanguard's competitors if

Vanguard wins its patent-infringement action is anything but a

statement of fact, projection, or opinion about what could

happen.

   Even considering the letter in the light most favorable to

MTI as the nonmoving party and viewing all inferences in MTI's

favor, the Court concludes this evidence does not provide any

basis to conclude Vanguard stated or implied in the letter that

MTI would be unable to design around Vanguard's Patent.  In the

letter, Vanguard speaks in conditional terms and in the nature of

a projection or opinion.  The Court, therefore, concludes MTI has

not stated a Counterclaim for unfair competition in violation of

the Lanham Act.

16 - OPINION AND ORDER

Although the Court has concluded MTI must satisfy the pleading requirements of Rule 9(b) with respect to its Lanham Act claim, the Court further concludes even if MTI was required to meet only the requirements of Rule 8(a), it has not done so.  For the above reasons, MTI's Lanham Act Counterclaim does not establish MTI is entitled to relief.  Accordingly, the Court concludes MTI has not met the pleading standards of either Rule 9(b) or Rule 8(a) with respect to its Lanham Act Counterclaim.

Accordingly the Court grants Vanguard and Telefonix's Motion to Dismiss.

**III. MTI may not replead their Lanham Act Counterclaim.**

At oral argument, MTI agreed the October 2006 letter was the only basis for their unfair competition claim "at this point." At oral argument, the Court noted it would be futile to give MTI leave to replead if the Court granted Vanguard's Motion to Dismiss because MTI did not have any other basis for its claim. MTI, however, asserted it had "been informed that there are other customers that have had the same problem," but it did not have any other letters or evidence to offer at the time of the hearing.  MTI noted "if [it] depose[d] Mr. Blevins and asked him to produce any letters that he has sent to other customers, we're going to find other letters."  MTI, therefore, stated it would like to conduct discovery before repleading.

"Dismissal without leave to amend is improper unless it is

17 - OPINION AND ORDER

clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, No. 06-55936, 2008 WL 763385, at *8 (9th Cir. Mar. 25, 2008) (quotation omitted).  "'The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  *Id*. (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Here these parties have been engaged in litigation involving the '994 Patent for three years in two different federal courts. During that time, MTI has had sufficient opportunity to depose Blevins and to ask him for any letters that Vanguard sent to customers other than Wal-Mart.  At oral argument, MTI did not offer any explanation as to why it had not already requested these letters.  The Court, therefore, in the exercise of its discretion, declines to allow MTI to conduct further discovery on this issue or to amend its Answer to allege other bases for its Lanham Act Counterclaim.  If, however, MTI nonetheless develops a factual basis that it believes would justify a motion to amend while this action remains pending, MTI may seek leave to file

such a motion.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Dismiss of Vanguard and Telefonix (#75) and **DISMISSES** MTI's Counterclaim for unfair competition under § 1125(a) of the Lanham Act.

IT IS SO ORDERED.

DATED this 3rd day of April, 2008.


                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge

19 - OPINION AND ORDER