IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| VANGUARD PRODUCTS GROUP, a Florida corporation, and TELEFONIX, INC., an Illinois corporation, | 07-CV-1405-BR |
| | OPINION AND ORDER |

       Plaintiffs,

v.

MERCHANDISING TECHNOLOGIES, INC., an Oregon corporation,

       Defendant.


**ROBERT A. SHLACHTER**
**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street
Suite 500
Portland, OR 97204
(503) 227-1600

**ALAN T. McCOLLOM**
**HILLARY A. BROOKS**
Marger Johnson & McCollom, PC
210 S.E. Morrison Street
Suite 400
Portland, OR 97204-3189
(503) 222-3613


1 - OPINION AND ORDER

**DAVID JOSEPH MARR**
Trexler, Bushnell, Giangiori & Blackstone, Ltd.
105 West Adams Street, 36th Floor
Chicago, IL 60603
(312) 704-1890

       Attorneys for Plaintiffs

**BRUCE A. KASER**
Vantage Law PLLC
355 N.W. Gilman Boulevard, Suite 203
Issaquah, WA  98027
(425) 391-8741

**JAMES L. PHILLIPS**
**KIERAN J. CURLEY**
Miller Nash LLP
601 Union Street, Suite 4400
One Union Square
Seattle, WA 98101
(206) 622-8484

**NANCIE K. POTTER**
**PAUL B. GEORGE**
Foster Pepper LLP
601 S.W. Second Avenue
Suite 1800
Portland, OR 97204-3171
(503) 221-0607

**LARA V. HIRSHFELD**
**ROBERT EDWARD BROWNE**
**THOMAS C. MCDONOUGH**
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-5385

       Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion to
Preserve the Confidentiality of Deposition Testimony (#125).  For

2 - OPINION AND ORDER

the reasons that follow, the Court **DENIES** Defendant's Motion.

<u>BACKGROUND</u>

On October 19, 2007, the parties entered into a Stipulated Protective Order, which the Court approved on October 26, 2007. The Stipulated Protective Order provides, among other things, that:

> All documents, testimony, and other materials produced by the parties in this case and labeled . . . "Attorneys' Eyes Only" shall only be used in this proceeding.
>
> * * *
>
> This Protective Order, however, in no way operates to restrict the disclosure or use of any informa- tion or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or documents, the burden shall be on the party claiming that such information or documents were lawfully obtained through means and sources outside of this litigation.
>
> * * *
>
> The parties . . . also may designate as "Attorneys' Eyes Only," documents, testimony, written responses or other materials produced in this case that contain confidential business or commercial information as to which the producing party contends it would suffer competitive injury if such information were to be disclosed to the other party or to third parties.  If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality shall mark the document, and each

page of the document, with a stamp identifying it
as "Attorneys' Eyes Only."

* * *

If portions of documents or other materials
(including interrogatory responses, responses to
requests for admissions, and deposition
transcripts) deemed . . . "Attorneys' Eyes Only"
or any papers containing or making reference to
such materials are filed or lodged with the Court,
they shall be filed or lodged under seal and
marked ["Attorneys' Eyes Only"].  A party seeking
to preserve the secrecy of any such document
(i.e., the designating party, regardless of
whether it was the party that filed the document
with the Court) must, within ten calendar days,
file an application that makes the showing
required pursuant to Federal Rule of Civil
Procedure 26 . . . in order to  maintain the
Protective Order as to such document.  Otherwise,
the document shall be unsealed.

A party . . . may designate all or a portion of
deposition testimony as . . . "Attorneys' Eyes
Only" by so stating on the record at the time of
the deposition. . . .  At or within twenty (20)
days after receipt of the transcript of the
deposition of any party or witness in this case,
if the questioning is such that the party . . .
determine that the answers disclose confidential
information or could lead to the disclosure of
confidential information, such party . . . may
designate that information . . . "Attorneys' Eyes
Only," and, when filed with the Court, the
transcript containing this material shall be under
seal and marked in the manner described in [the]
paragraph [above].

* * *

Each party reserves the right to dispute the
confidential status claimed by any other party or
subpoenaed party in accordance with this
Protective Order.

Protective Order ¶¶ 1, 2, 4-6, 13.


4 - OPINION AND ORDER

On April 25, 2008, Defendant Merchandising Technologies, Inc. (MTI) filed a Motion to Preserve the Confidentiality of Deposition Testimony seeking an Order retaining the "Attorney Eyes Only" designation for a portion of the deposition testimony of Thaine Allison, MTI's Vice President of Products and Systems.

## STANDARDS

Generally "litigation documents and information produced during discovery" are not protected "unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). *See also San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown."); *In re Agent Orange Prod. Liability Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

Federal Rule of Civil Procedure 26(c)(1)(G) provides in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or
expense, including one or more of the following:

(G) requiring that a trade secret or other
confidential research, development, or commercial
information not be revealed or be revealed only in
a specified way.

"[T]he party seeking protection bears the burden of showing
specific prejudice or harm will result if no protective order is
granted." *Phillips*, 307 F.3d at 1211. *See also Beckman Indus.,
Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)
("[B]road allegations of harm, unsubstantiated by specific
examples or articulated reasoning, do not satisfy the Rule 26(c)
test."). "If a court finds particularized harm will result from
disclosure of information to the public, then it balances the
public and private interests to decide whether a protective order
is necessary." *Id.* (citation omitted).

"The law gives district courts broad latitude to grant
protective orders to prevent disclosure of materials for many
types of information, *including, but not limited to*, trade
secrets or other confidential research, development, or
commercial information." *Id.* (emphasis in original).  The
Supreme Court has held trial courts have "broad discretion . . .
to decide when a protective order is appropriate and what degree
of protection is required." *Seattle Times Co. v. Rhinehart*, 467
U.S. 20, 36 (1984).

## DISCUSSION

As noted, MTI seeks an Order retaining the "Attorney Eyes Only" designation for a portion of the deposition testimony of Thaine Allison, MTI's Vice President of Products and Systems, on the ground that the deposition testimony at issue contains confidential research information that would harm MTI if it were disclosed to Vanguard.   MTI argues the processes used by it to evaluate and to serve its customers and the "results therefrom" are the type of information that give MTI an advantage over its competitors.   The Court notes the deposition testimony at issue, however, does not reveal the results of MTI's review of Vanguard's product nor does it reveal the processes used by MTI in the testing or evaluation.   In fact, Allison testified the evaluation project is not complete, and he did not provide any specifics as to how or in what manner the testing is being conducted.

The Court finds the fact that MTI obtained a Vanguard product and has conducted unspecified testing on the product and the purchase process while also testing other competitors' products is not the kind of confidential research information that would damage MTI if it were revealed to Vanguard.   Thus, MTI has not established any particularized harm that MTI would suffer as a result of disclosing the deposition testimony to Vanguard. The Court, therefore, concludes MTI has not shown good cause why

the "Attorney Eyes Only" designation should be preserved with respect to the deposition testimony at issue.

Accordingly, in the exercise of its discretion, the Court denies MTI's Motion to Preserve the Confidentiality of Deposition Testimony.

## **CONCLUSION**

For these reasons, the Court **DENIES** MTI's Motion to Preserve the Confidentiality of Deposition Testimony (#125).

IT IS SO ORDERED.

DATED this 9th day of May, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER