IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VANGUARD PRODUCTS GROUP, a          07-CV-1405-BR
Florida corporation, and
TELEFONIX, INC., an Illinois        OPINION AND ORDER
corporation,

          Plaintiffs,

v.

MERCHANDISING TECHNOLOGIES,
INC., an Oregon corporation,

          Defendant.


**ROBERT A. SHLACHTER**
**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Shlachter, PC
209 S.W. Oak Street
Suite 500
Portland, OR 97204
(503) 227-1600

**ALAN T. McCOLLOM**
**HILLARY A. BROOKS**
Marger Johnson & McCollom, PC
210 S.E. Morrison Street
Suite 400
Portland, OR 97204-3189
(503) 222-3613


1 - OPINION AND ORDER

**DAVID JOSEPH MARR**
Trexler, Bushnell, Giangiori & Blackstone, Ltd.
105 West Adams Street, 36th Floor
Chicago, IL 60603
(312) 704-1890

       Attorneys for Plaintiffs

**BRUCE A. KASER**
Vantage Law PLLC
355 N.W. Gilman Boulevard, Suite 203
Issaquah, WA  98027
(425) 391-8741

**JAMES L. PHILLIPS**
**KIERAN J. CURLEY**
Miller Nash LLP
601 Union Street, Suite 4400
One Union Square
Seattle, WA 98101
(206) 622-8484

**NANCIE K. POTTER**
**PAUL B. GEORGE**
Foster Pepper LLP
601 S.W. Second Avenue
Suite 1800
Portland, OR 97204-3171
(503) 221-0607

**LARA V. HIRSHFELD**
**ROBERT EDWARD BROWNE**
**THOMAS C. MCDONOUGH**
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-5385

       Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#247) for

Leave To File Supplemental Motion for Summary Judgment filed by

2 - OPINION AND ORDER

Plaintiffs Vanguard Products Group and Telefonix, Inc.  For the
reasons that follow, the Court **DENIES** the Motion.


<u>**BACKGROUND**</u>

On November 2, 2007, the Court entered an Order requiring
the parties to file all dispositive motions by May 30, 2008.  On
April 15, 2008, Plaintiffs filed a Motion for Partial Summary
Judgment on the issue of infringement.  On May 6, 2008, Defendant
Merchandising Technologies, Inc., filed a Motion for Summary
Judgment.  On June 12, 2008, Plaintiffs filed a Motion for
Partial Summary Judgment on the issue of false marking.

On July 17, 2008, the Court entered an Order requiring the
parties to file any additional dispositive motions by August 15,
2008.  On that date, Plaintiffs filed a Motion for Partial
Summary Judgment on the issue of equitable estoppel.

On December 31, 2008, the Court issued an Opinion and Order
resolving the parties' Motions for Summary Judgment.

On January 16, 2009, the Court held a scheduling conference
to set the matter for trial.  On January 21, 2009, the Court
again met with the parties to discuss scheduling and issued an
Order requiring the parties to file their Pretrial Order and
proposed Joint Verdict Form by March 30, 2009; set the Pretrial
Conference for May 11, 2009; and scheduled the trial to begin
May 18, 2009.  The Court notes Plaintiffs have consistently urged

3 - OPINION AND ORDER

the Court to set the earliest possible trial date.

On February 3, 2009, Plaintiffs filed a Motion seeking leave to file a supplemental motion for summary judgment "to address the remaining issues in the case (invalidity, laches/waiver defense, infringement damages and willful infringement)."


## DISCUSSION

Federal Rule of Civil Procedure 6(b) provides in pertinent part: "(b)(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." When deciding whether a party failed to act because of excusable neglect, the Court may consider the following factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Investments v. Brunswick*, 507 U.S. 380, 395 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*.

## I.    Danger of prejudice to nonmoving party.

After conferring with the parties following the Court's resolution of their various summary judgment motions, the Court

4 - OPINION AND ORDER

set the trial in this matter to begin in May 2009.  Although
Plaintiffs assert the Court would have "ample time" to rule on
the new Motion for Summary Judgment Plaintiffs seek leave to file
and that the Court and the parties would have enough time to
prepare for trial, the Court disagrees.  Existing calendar
obligations between now and May preclude the Court taking on yet
another round of substantive motions in this case.  Moreover, as
Plaintiff is aware from the parties' recent discussions with the
Court as to scheduling a trial date, the trial will be delayed at
least until late summer or possibly fall if this matter does not
go to trial in May.  The Court notes the parties have been
litigating the issues surrounding the relevant patent in this
Court for over three years.  Further delay, therefore, would be
prejudicial to Defendants and not in the interests of justice.

## II.  Length of delay and potential impact on judicial proceedings.

Plaintiffs seek to file their Supplemental Motion for
Summary Judgment over 170 days after the Court set the final
deadline for dispositive motions.

The Court has inherent authority to manage its docket.  That
authority includes the right to set and to enforce deadlines.
*See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th
Cir. 2008)(district court has "general inherent authority" to
manage its docket), and *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016
(9th Cir. 1995)("A district court possesses inherent power over

5 - OPINION AND ORDER

the administration of its business.  It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims." (citations omitted)).

Here the Court set the dispostive motion deadlines after conferring with counsel.  In addition, if the Court allowed Plaintiffs' proposed Motion, the trial in this matter would be significantly delayed and would have a significant impact on the judicial proceedings.  Finally, the Court points out that Plaintiffs can raise the issues that would be the focus of their Supplemental Motion at the appropriate time in connection with the currently scheduled trial the form of motions in limine or a motion for judgment as a matter of law.

**III. Reason for delay.**

Plaintiffs assert they could not have brought a motion for summary judgment as to the issue of validity by the Court's deadline of August 15, 2008, because Defendant did not disclose its expert report until August 15, 2008.  Plaintiffs, however, do not explain why they did not seek leave to file a supplemental motion in August, September, or at any other time between August 15, 2008, and now.  In addition, the Court notes Plaintiffs' proposed supplemental motion concerns areas other than validity (*i.e.,* waiver/laches, willfulness, and damages

calculation).  Plaintiffs do not offer any explanation as to why they did not seek leave to file a motion concerning these issues before the August 15, 2008, deadline.

**IV.  Good faith.**

As noted, the Court met with the parties on January 16 and January 21, 2009, to discuss the trial date in this matter. Plaintiffs repeatedly requested the earliest possible trial date. Plaintiffs, however, did not mention to the Court or to opposing counsel during those conferences that they intended to seek leave to file a supplemental motion for summary judgment.  Although the Court does not view Plaintiffs' actions to have been in bad faith, Plaintiffs should have been more forthright concerning this significant scheduling issue.

"Taking account of all relevant circumstances surrounding [Plaintiffs'] omission," the Court, in the exercise of its discretion, concludes Plaintiffs' failure to seek leave to file their supplemental motion for summary judgment before February 3, 2009, was not the result of excusable neglect within the meaning of Rule 6(b).  The Court, therefore, denies Plaintiffs' Motion for Leave To File Supplemental Motion for Summary Judgment.

## <u>CONCLUSION</u>

For these reasons, the Court **DENIES** Plaintiffs' Motion (#247) for Leave To File Supplemental Motion for Summary

7 - OPINION AND ORDER

Judgment.

      IT IS SO ORDERED.

      DATED this 23rd day of February, 2009.


                            /s/ Anna J. Brown

                          _____
                          ANNA J. BROWN
                          United States District Judge