**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Attorneys for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

VANGUARD PRODUCTS GROUP, INC. an Illinois corporation and TELEFONIX, INC., an Illinois corporation,

Plaintiffs,

v.

MERCHANDISING TECHNOLOGIES, INC. an Oregon corporation,

Defendant.

Case No. 3:07-CV-1405 BR

**PLAINTIFFS' OPPOSITION TO MTI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE '807 PATENT IS NOT PRIOR ART**

## I. MTI CONTINUES TO PRESS SEEMINGLY FUTILE ISSUES

This motion relates to MTI's defense that the '994 patent is obvious in light of the '807 patent. MTI's defense fails as a matter of law, unless MTI proves that the '807 patent is prior art. Furthermore, this Court's summary judgment rulings addressed the '807 patent:

> With respect to the '807 Patent, Plaintiffs note the items identified by Defendant as the first and second cable assemblies are <u>not electronically coupled</u> to any of a plurality of electronic devices. Instead the '807 Patent discloses the sensor attached to the second cable assembly is <u>taped to the camera</u> or electronic device for display. . . .

Amended Opinion & Order [#245] at 50-51 (emphasis added). The '807 patent discloses a security device wherein a sensor is taped to the back of the displayed camera. The device of the '807 patent does not provide power to the displayed camera. Therefore, amongst other deficiencies, the camera is not even "electrically coupled" to the alleged first cable assembly of the '807 patent, a requirement of the Burke '994 patent claims.

The Court ruled that "Defendant has not established an issue of fact" as to whether the inventions of the Burke '994 patent would have been obvious to a person of ordinary skill in the art. *Id*. The Court decides obviousness as a matter of law. *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1349 (Fed. Cir. 2001). Therefore, an obviousness defense based upon the '807 patent appears futile, yet MTI continues to press the issue with this motion.

## II. MR. BURKE'S TESTIMONY IS RELEVANT AND ADMISSIBLE, AND MTI'S MOTION DOES NOT ESTABLISH THE PRIOR ART STATUS OF THE '807 PATENT

MTI, not plaintiffs, bears the burden of proof on the question of whether the '807 patent is prior art. *Markahar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-77 (Fed. Cir. 1996). The problem MTI faces is that Mr. Burke did, in fact, conceive the inventions of the '994 patent before the '807 patent application was filed. MTI attempts to avoid its burden on the issue by claiming that

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

plaintiffs did not produce any evidence in discovery to establish an earlier invention date. The extent of MTI's discovery on the issue was to serve a single interrogatory asking Vanguard to "Identify the conception date of any invention or inventions claimed in U.S. Patent No. 6,799,994."[1] On November 27, 2007, Vanguard answered the interrogatory, stating that "the inventions claimed in the '994 patent were first conceived during the summer or early fall of 1997." MTI did not serve a single document request on the subject.

Despite the fact that MTI did not conduct additional discovery on the issue, plaintiffs did, in fact, produce documents evidencing Mr. Burke's invention during the summer of 1997. Those documents, bearing production numbers, are identified in plaintiffs' trial exhibits. MTI seems to acknowledge the trial exhibits, but challenges the sufficiency of those exhibits to corroborate Mr. Burke's invention date. Because MTI's motion goes to the sufficiency, not the existence, of plaintiffs' corroborating evidence, it is, in effect, a motion for summary judgment that the '807 patent is prior art. As such, MTI's motion is untimely and should be denied on that basis alone.

Moreover, the prior art status of the '807 patent turns on the very evidence MTI seeks to exclude and presents an issue of fact for trial. MTI cannot establish the prior art status of the '807 patent simply by pointing to its earlier filing date.[2] The '807 patent is prior art only if MTI establishes that the '807 patent application was filed before Mr. Burke's invention date. *See Markahar*, 79 F.3d at 1578. Thus, Mr. Burke's testimony concerning his conception of the claimed invention is directly relevant to the very issue of whether the '807 patent is prior art. The jury is entitled to hear Mr. Burke's testimony about when he conceived the inventions, and

---

[1] MTI's First Interrogatories to Vanguard, No. 1.

[2] The '807 patent application was filed November 12, 1997. Mr. Burke's patent application was filed a few months later, on March 16, 1998.

**Page 2 – PLAINTIFFS' OPPOSITION TO MTI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE '807 PATENT IS NOT PRIOR ART**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

00203687.DOC

consider the other evidentiary corroboration that has been identified by plaintiffs, to determine whether Mr. Burke's invention preceded the filing date of the application for the '807 patent.

The Federal Circuit addressed similar issues in its decision in *Markahar*:

> At trial, Bard [the accused infringer] sought to show that the Cook catalog anticipated claim 1 of the '155 patent. The catalog's July 1983 publication date preceded the filing of the '155 patent by about three months. The parties disputed only the status of the Cook catalog as prior art under 35 U.S.C. § 102(a). By challenging the validity of the '155 patent, Bard bore the burden of persuasion by clear and convincing evidence on all issues relating to the status of the Cook catalog as prior art.
>
> * * *
>
> <u>In assessing corroboration of oral testimony, courts apply a rule of reason analysis</u>. *Price,* 988 F.2d at 1195. <u>Under a rule of reason analysis, "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached</u>." *Id.*
>
> This court does not require corroboration where a party seeks to prove conception through the use of physical exhibits. *Id.* The trier of fact can conclude for itself what documents show, aided by testimony as to what the exhibit would mean to one skilled in the art. *Id.*
>
> * * *
>
> <u>Any suggestion that a document is prior art because it appears before the filing date of a patent ignores the requirements of section 102(a). Section 102(a) explicitly refers to invention dates, not filing dates. Thus, under section 102(a), a document is prior art only when published before the invention date</u>. For the Cook catalog to constitute prior art, therefore, it must have been published before Dr. Mahurkar's invention date.
>
> * * *
>
> Bard bears the burden of persuasion on the status of the Cook catalog as prior art. Bard must persuade the trier of fact by clear and convincing evidence that the Cook catalog was published prior to Dr. Mahurkar's invention date.
>
> At trial, Dr. Mahurkar offered evidence to demonstrate prior invention in two ways. He offered evidence to show he conceived and reduced to practice his invention before publication of the catalog. He also offered evidence to show that he conceived of his invention prior to the date of publication of the Cook catalog and that he proceeded with reasonable diligence from a date just prior to publication of the catalog to his filing date. Bard, in turn, challenged Dr. Mahurkar's evidence.

**Page 3 – PLAINTIFFS' OPPOSITION TO MTI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE '807 PATENT IS NOT PRIOR ART**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

00203687.DOC

> With all of the evidence from both sides before the jury, Bard must persuade the jury by clear and convincing evidence that its version of the facts is true. In other words, Bard must persuade the jury that Dr. Mahurkar did not invent prior to publication of the catalog. This is because (1) he did not conceive and reduce his invention to practice before the publication date and (2) he did not conceive and thereafter proceed with reasonable diligence as required to his filing date. If Bard fails to meet this burden, the catalog is not prior art under section 102(a).

*Id*. at 1576-79 (internal citations omitted). The patentee in that case corroborated his invention date and diligence with oral testimony and two letters. The Federal Circuit found that no reasonable jury could have concluded that the Cook catalog was prior art. Similarly, in this case, the jury is entitled to hear Mr. Burke's testimony and consider the exhibits, and decide whether, in light of all the evidence, MTI has proved that Mr. Burke's invention date does not precede November 12, 1997.

Furthermore, Mr. Burke's testimony would be admissible even if the prior art status of any item were not in dispute. MTI seeks to preclude Mr. Burke from testifying about when he conceived the inventions of the '994 patent. The inventor's testimony regarding the inventive process, including the timing of the invention and evidence of conception and reduction to practice, is relevant to a trial at which the patent takes center stage. At a minimum, Mr. Burke's testimony is relevant and admissible for that purpose.

Plaintiffs do not intend to present opinion testimony from Mr. Burke that the '807 patent is "not prior art." However, Mr. Burke should be allowed to testify regarding the conception date, and plaintiffs should not be foreclosed from putting MTI to its burden of proof at trial.

## CONCLUSION

For the reasons set forth herein, MTI's motion should be denied.

DATED this 27th day of April, 2009.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

        By: /s/ Timothy S. DeJong
          **Robert A. Shlachter,** OSB No. 911718
          **Timothy S. DeJong,** OSB No. 940662
          **Jacob S. Gill**, OSB No. 033238
        209 S.W. Oak Street, Fifth Floor
        Portland, Oregon 97204
        Email: rshlachter@stollberne.com
              tdejong@stollberne.com
              jgill@stollberne.com

        **Attorneys for Plaintiff**

**Page 5 – PLAINTIFFS' OPPOSITION TO MTI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE '807 PATENT IS NOT PRIOR ART**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

00203687.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served **PLAINTIFFS' OPPOSITION TO MTI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE '807 PATENT IS NOT PRIOR ART** on the following named person(s) on the date indicated below,

[X] By Hand-Delivery (as indicated below)

[X] By Court's CM/ECF automatic notification system

to said persons a true copy thereof, addressed to said persons at their last known addresses indicated below,

***Via Hand-Delivery:***

James L. Phillips
Kieran John Curley
Miller Nash LLP
111 SW 5th Ave Ste 3400
Portland OR 97204
Telephone: 503 205-2428
Fax: 503 224-0155
Email: : james.phillips@millernash.com
kieran.curley@millernash.com

**Attorneys for Defendant**

***Via Court's CM/ECF System:***

Bruce A. Kaser
Vantage Law, PLLC
355 NW Gilman Boulevard, Suite 203
Issaquah, WA 98027
Telephone: 425-391-8741
Fax: 425-391-8754
Email: bruce@vantagelaw.net

**Attorneys for Defendant**

DATED this 27th day of April, 2009.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ Timothy S. DeJong
**Robert A. Shlachter,** OSB No. 911718
**Timothy S. DeJong,** OSB No. 940662
**Jacob S. Gill,** OSB No. 033238

209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Email: rshlachter@stollberne.com
tdejong@stollberne.com
jgill@stollberne.com

**Attorneys for Plaintiffs**